UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM CROCKETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-01894-MPB-CSW |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE
AND DIRECTING FURTHER PROCEEDINGS**

William Crockett, a prisoner at Indiana State Prison, filed this habeas petition challenging a prison disciplinary conviction under case No. WVD 18-02-0126. Dkt. 1. The respondent has filed a motion to dismiss the petition for procedural default. As explained below, the respondent's motion to dismiss, dkt. [10], is **DENIED WITHOUT PREJUDICE**, and the Court **DIRECTS** the following further proceedings.

**I. Legal Standard**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. Background

### A. Mr. Crockett's Disciplinary Proceeding

On February 22, 2018, Sgt. T. Cobb issued a conduct report charging Mr. Crockett with violating the Indiana Department of Correction (IDOC) Adult Disciplinary Code A-102/A-111, attempted battery. Dkt. 10-1. According to the conduct report, Sgt. Cobb heard Mr. Crockett yelling at Caseworker Reeves outside her office door, and Sgt. Cobb directed Mr. Crockett to submit to mechanical restraints. *Id.* Sgt. Cobb wrote that Mr. Crockett ignored the order, continued to yell aggressively, and then "jerked his hand away in an upward motion throwing his elbow toward [Cobb's] face in an attempt to strike" him but that Cobb ducked under his elbow. *Id.* Sgt. Cobb wrote that he was able to secure Mr. Crockett against the wall while Caseworker Reeves called a Signal 10 on her radio, and that "Crockett resisted during the entire incident." *Id.* The "signature of offender receiving copy" line of the conduct report is not signed by Mr. Crockett, rather it is marked "unable/RSH." *Id.* Caseworker Reeves also provided a written statement to the disciplinary hearing board corroborating the events described in the conduct report. Dkt. 10-2.

The screening report indicates that Mr. Crockett was notified of the charge on February 27, 2018, that he pled not guilty, that he did not wish to call any witnesses and did not request any physical evidence, that he waived his right to 24-hour notice of the hearing, and that he requested a lay advocate. Dkt. 10-3. Mr. Crockett did not sign the screening report, rather it is marked "unable/RSH." *Id.* The bottom of the screening form indicates "copies were given 2/27/18." *Id.*

Mr. Crockett's disciplinary hearing was held on March 1, 2018, but the hearing report indicates he refused to attend. Dkt. 10-5. Mr. Crockett was sanctioned with a loss of earned credit time and a demotion in credit earning class. *Id.* Mr. Crockett did not sign the hearing report, rather,

2

it states, "unable to sign not present at hearing," and at the bottom of the form, it says "copy mailed." *Id.*

According to Mr. Crockett, he was denied a lay advocate, he did not get to attend the hearing, he was denied evidence, and he did not get to present a defense. Dkt. 1 at 3-5 (habeas petition signed under penalty of perjury). He states he was never given the reports and had to later buy copies of them. *Id.* at 4. He states he was not given the opportunity to appeal because the guard took his eyeglasses until some point in 2021. *Id.* at 3. Mr. Crockett indicates that he tried to submit a first-level appeal, but his appeal was rejected without being processed. *Id.* at 1.

### B. Disciplinary Appeal Process

The disciplinary appeal process is governed by the IDOC Policy and Administrative Procedure 02-04-101 (DCAO) Dkt. 10-11. The DCAO provides for two levels of administrative review. First, the offender must complete a Disciplinary Hearing Appeal form within 15 calendar days of the disciplinary hearing or from receipt of the disciplinary hearing report. *Id.* at 53. The appeal is reviewed by the Warden or the Warden's designee. *Id.* Second, if the offender is dissatisfied with the outcome of his first appeal, he may file a second-level appeal to the IDOC Appeal Review Officer within 15 days of receiving the response to his first appeal. *Id.* at 53-54.

### C. Mr. Crockett's Use of the Appellate Process

The record reflects that Mr. Crockett filed a first-level appeal more than four years after his hearing, on July 20, 2022. Dkt. 10-6. In this appeal, Mr. Crockett states he was not screened, he was not afforded the opportunity to present a defense or to call witnesses, and he was not allowed to attend a fair and impartial hearing. *Id.* He states that he did not receive the "conduct papers" until June 16, 2022, when he requested a sentence modification and had to pay for copies of conduct reports. *Id.*

Mr. Crockett's first-level appeal was received on August 10, 2022, and the Assistant Facility Administrator responded five days later:

> As part of the appeal process the Disciplinary Appeal must be filed within fifteen (15) calendar days after the Disciplinary Hearing date to the facility head to be accepted. Since your appeal was filed past the deadline no action will be taken and the Disciplinary Hearing will stand as recorded. Guilty of an A-111/102 Attempted Battery. Not appealable to IDOC.
>
> APPEAL NOT PROCESSED

*Id.* Mr. Crockett was therefore unable to file a second-level appeal.

### III. Discussion

**A. Procedural Default Standard**

It is well-established that state prisoners must exhaust their available state remedies before challenging a prison disciplinary conviction in federal court. *See Love v. Vanihel*, 73 F.4th 439, 446 (7th Cir. 2023) (citing 28 U.S.C. § 2254(b)(1)(A), (c)). To properly exhaust a claim and "avoid procedural default, a habeas petitioner must 'fairly present' a claim to each level of the state courts." *Id.* Indiana "has no judicial procedure for reviewing prison disciplinary hearings, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies, and presenting legal contentions to each administrative level." *Id.* (cleaned up).

A petitioner seeking review of defaulted claims has two options. He can show "cause and prejudice for the default" or he can demonstrate that failure to consider the defaulted claims will result in a "miscarriage of justice." *Id.* "The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded compliance with the procedural rule." *Id.* (cleaned up). "This normally means petitioner must show that the factual or legal basis for a claim was not reasonably available, or that some interference by officials made compliance impracticable." *Id.* (cleaned up).

4

To show prejudice, "the prisoner must show not merely a substantial federal claim, such that the errors at trial created a possibility of prejudice, but rather that the constitutional violation worked to his actual and substantial disadvantage." *Id.* (quoting *Shinn v. Ramirez*, 142 S.Ct. 1718, 1733 (2022)). To demonstrate a fundamental miscarriage of justice, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" such that "it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence." *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016).

### B. Evidentiary Hearing

In *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006), the Seventh Circuit held that "a prison disciplinary board [is] not entitled to the presumption of correctness that 28 U.S.C. § 2254(e) affords to judicial findings." Thus,

> [W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies.

*Id.*

In light of this precedent, the Court cannot grant the respondent's motion to dismiss or rule on the merits of Mr. Crockett's petition based solely on the current record because of the parties' factual dispute. According to Mr. Crockett's sworn petition, he never received any of the case documents and did not get to attend his hearing on March 1, 2018, to present a defense. Dkt. 1 at 3-4. If these statements are true, then it is possible Mr. Crockett was deprived of adequate written notice of his disciplinary charge and prevented through no fault of his own from completing the administrative appeals process within the timeframe set forth in the DCAO. Thus, he would have

shown cause and prejudice to excuse his procedural default, and his petition would likely be granted based on a lack of written notice. *Wolff v. McDonnell*, 418 U.S. at 563-67.

Instead, the Court must hold an evidentiary hearing to determine whether Mr. Crockett refused to attend his disciplinary hearing, as the disciplinary record suggests, or whether prison officials conspired to convict Mr. Crockett of this offense without informing him of the charge, inviting him to attend the disciplinary hearing, or notifying him in writing of the decision as he claims in his petition. *Johnson*, 467 F.3d at 694.

### IV. Conclusion

For the reasons explained above, the respondent's motion to dismiss, dkt. [10], is **DENIED WITHOUT PREJUDICE**. The respondent shall file a notice **within 21 days of the issuance of this Order** stating whether they wish to request an evidentiary hearing.

**IT IS SO ORDERED.**

Dated: February 28, 2024

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM CROCKETT
973572
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov